UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KONICA MINOLTA BUSINESS SOLUTIONS U.S.A., INC., <br><br> Plaintiff, <br><br> v. <br><br> JAL EQUITY CORP., <br><br> Defendant. | Civil Action No. 2:25-cv-01651-WJM-SDA <br><br> Civil Action <br><br> **ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant, JAL Equity Corp. ("*Defendant*"), by and through its undersigned counsel, hereby answers the complaint filed by plaintiff, Konica Minolta Business Solutions U.S.A., Inc. ("*Plaintiff*"), on March 5, 2025 [Dkt. No. 1], and states as follows:

**AS TO THE PARTIES**[1]

1. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in Paragraph 1 of the Complaint and therefore neither admits nor denies same, leaving Plaintiff to its proofs.

2. Defendant admits the allegations asserted in Paragraph 2 of the Complaint.

**AS TO THE JURISDICTION AND VENUE**

3. Paragraph 3 states a legal conclusion to which no response is required.

4. Paragraph 4 states a legal conclusion to which no response is required.

5. Paragraph 5 states a legal conclusion to which no response is required.

---

[1] For the sake of convenience, Defendant reiterates herein the headings set forth in the Complaint. The restating of these headings is neither intended to be, nor can be construed as, any admission concerning the veracity of same.

6. Paragraph 6 states a legal conclusion to which no response is required.

7. Paragraph 7 states a legal conclusion to which no response is required.

8. Paragraph 8 states a legal conclusion to which no response is required.

## AS TO THE FACTUAL BACKGROUND

9. Defendant refers to the document referred to in Paragraph 9 of the Complaint for a true and accurate recitation of its contents and legal effect, if any, and denies any allegations inconsistent therewith.

10. Defendant refers to the documents referred to in Paragraph 10 of the Complaint for true and accurate recitations of their contents and legal effect, if any, and denies any allegations inconsistent therewith.

11. Defendant refers to the document referred to in Paragraph 11 of the Complaint for a true and accurate recitation of its contents and legal effect, if any, and denies any allegations inconsistent therewith.

12. Defendant refers to the document referred to in Paragraph 12 of the Complaint for a true and accurate recitation of its contents and legal effect, if any, and denies any allegations inconsistent therewith.

13. Defendant refers to the document referred to in Paragraph 13 of the Complaint for a true and accurate recitation of its contents and legal effect, if any, and denies any allegations inconsistent therewith.

14. Defendant refers to the document referred to in Paragraph 14 of the Complaint for a true and accurate recitation of its contents and legal effect, if any, and denies any allegations inconsistent therewith.

15. Defendant refers to the document referred to in Paragraph 15 of the Complaint for a true and accurate recitation of its contents and legal effect, if any, and denies any allegations inconsistent therewith.

16. Defendant refers to the document referred to in Paragraph 16 of the Complaint for a true and accurate recitation of its contents and legal effect, if any, and denies any allegations inconsistent therewith.

17. Defendant refers to the document referred to in Paragraph 17 of the Complaint for a true and accurate recitation of its contents and legal effect, if any, and denies any allegations inconsistent therewith.

18. Defendant admits the allegations asserted in Paragraph 18 of the Complaint.

19. Defendant refers to the document referred to in Paragraph 19 of the Complaint for a true and accurate recitation of its contents and legal effect, if any, and denies any allegations inconsistent therewith.

20. Defendant refers to the document referred to in Paragraph 20 of the Complaint for a true and accurate recitation of its contents and legal effect, if any, and denies any allegations inconsistent therewith.

21. Defendant refers to the document referred to in Paragraph 21 of the Complaint for a true and accurate recitation of its contents and legal effect, if any, and denies any allegations inconsistent therewith.

22. Defendant refers to the document referred to in Paragraph 22 of the Complaint for a true and accurate recitation of its contents and legal effect, if any, and denies any allegations inconsistent therewith.

23. Other than to admit that Defendant remitted $50,000 to Plaintiff, Defendant denies that it "has defaulted on each subsequent payment" under the Payment Plan Agreement.

24. Defendant denies the allegations asserted in Paragraph 24 of the Complaint.

## AS TO THE FIRST COUNT – BREACH OF CONTRACT

23. Defendant repeats and realleges the answers contained in the preceding Paragraphs as if stated fully herein.[2]

24. Defendant refers to the document referred to in Paragraph 24 of the Complaint for a true and accurate recitation of its contents and legal effect, if any, and denies any allegations inconsistent therewith.

25. Paragraph 25 asserts a legal conclusion to which no response is required.

26. Defendant denies the allegation asserted in Paragraph 26 of the Complaint.

27. Defendant refers to the document referred to in Paragraph 27 of the Complaint for a true and accurate recitation of its contents and legal effect, if any, and denies any allegations inconsistent therewith.

28. Defendant denies the allegation asserted in Paragraph 28 of the Complaint.

29. Defendant denies the allegation asserted in Paragraph 29 of the Complaint.

## AS TO THE SECOND COUNT – UNJUST ENRICHMENT
### (*In the Alternative*)

30. Defendant repeats and realleges the answers contained in the preceding Paragraphs as if stated fully herein.

31. Defendant denies the allegations asserted in Paragraph 31 of the Complaint.

32. Defendant denies the allegations asserted in Paragraph 32 of the Complaint.

---

[2] To maintain consistency between the Complaint and this Answer with Affirmative Defenses, Defendant follows the Complaint's numbering scheme.

33. Defendant denies the allegations asserted in Paragraph 33 of the Complaint.

**WHEREFORE**, Defendant, JAL Equity Corp., demands judgment against plaintiff, Konica Minolta Business Solutions U.S.A., Inc., dismissing the Complaint with prejudice, awarding Defendant its costs, attorneys' fees, expenses, and any other additional and further relief as the Court deems just and appropriate under the circumstances.

### FIRST SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by its failure to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the wavier doctrine.

### THIRD SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the estoppel doctrine.

### FOURTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's release of all or part of its claims in the Payment Plan Agreement.

### FIFTH SEPARATE DEFENSE

Plaintiff's claims, are barred in whole or in part, by the unclean hands doctrine.

### SIXTH SEPARATE DEFENSE

Plaintiff's damages are barred, in whole or in part, because Plaintiff's has not incurred the damages sought.

### SEVENTH SEPARATE DEFENSE

Plaintiff's damages are barred, in whole or in part, by its failure to mitigate same.

## **CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

The undersigned counsel for Defendant hereby certifies that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

                                            **COLE SCHOTZ P.C.**
                                            *Attorneys for Defendant, JAL Equity Corp.*

                                  By: */s/ Elizabeth A. Carbone*
                                        Wendy F. Klein
                                        WKlein@coleschotz.com
                                        Elizabeth A. Carbone
                                        ECarbone@coleschotz.com
                                        Court Plaza North
                                        25 Main Street
                                        Hackensack, New Jersey  07602-0800
                                        201-525-6299
                                        201-489-6299  Facsimile

DATED: April 29, 2025

69547/0001-49917412v1